UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KELVIN EDENILSON LOPEZ MUNDO,
          Petitioner,

v.                                      Civil Action No. 2:26-cv-387

JEFFREY CRAWFORD,
*ICA-Farmville Detention Center*,

And

RUSSELL HOTT,
*ICE Washington Field Office*,
          Respondents.

## REPORT AND RECOMMENDATION

This matter is before the court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner Kelvin Mundo ("Petitioner" or "Mundo"). Pet. (ECF No. 1). Mundo is an immigration detainee of United States Immigration and Customs Enforcement ("ICE"), seeking immediate release from ICE custody or a bond hearing. Id. at 8. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 5). For the reasons explained below, the undersigned recommends that the court GRANT IN PART the Petition, (ECF No. 1), and order Respondents to provide Petitioner with a standard bond hearing under 8 U.S.C. § 1226(a).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Mundo is a 31-year-old citizen of El Salvador. Decl. of Charles M. Byrne ("Byrne Decl.") ¶ 5 (ECF No. 7-1, at 2). He entered the United states at an unknown time and location without admission, but on December 19, 2009, Customs and Border Protection ("CBP") encountered Mundo near Hebbronville, Texas and took him into civil immigration custody. Id. ¶ 6. Mundo

1

was issued a Notice to Appear ("NTA"), charging him under 8 U.S.C. § 1182(a)(6)(A)(i) for unlawful presence in the United States. Id. ¶ 7. On December 21, 2009, Mundo was taken into custody of the Office of Refugee Resettlement ("ORR") as an Unaccompanied Alien Child ("UAC"), and he was later released to a sponsor on an Order of Recognizance on January 26, 2010. Id. ¶¶ 8-9 (ECF No. 7-1, at 3).

Mundo has a criminal record, summarized by ICE Enforcement and Removal Operations ("ERO") Assistant Field Officer Director Charles M. Byrne as the following:

> On January 26, 2015, Petitioner was charged with Receiving or Buying Stolen Goods Over $200 a felony in violation of Va. Code Ann. § 18.2-108. On April 6, 2015, petitioner entered a plea of nolo contender after the charges were amended to Receiving or Buying Stolen Goods Under $200, a misdemeanor under the same statutory provision. He was then found guilty by the Fairfax County General District Court and sentenced to 180 days' incarceration.
>
> On December 24, 2016, Petitioner was charged with Driving While Intoxicated in violation of Va. Code Ann. § 18.2-266 and Refusal of Breath Test in violation of Va. Code Ann. § 18.2-268.3. Both charges were later nolle prosequi in Fairfax County General District Court.
>
> On June 4, 2017, Petitioner was charged with Driving While Intoxicated, 2nd Within Five Years in violation of Va. Code Ann. § 18.2-270(B)(1). On July 10, 2018, he pled guilty to a charge of Driving While Intoxicated in violation of Va. Code Ann. § 18.2-266 in the Fairfax County General District Court and sentenced to eighty days' incarceration.
>
> On February 13, 2018, Petitioner was charged with Possession of Marijuana in violation of Va. Code Ann. § 18.2-250.1. On March 27, 2018, he was found guilty in absentia by the Fairfax County General District Court.
>
> On February 13, 2018, Petitioner was charged with Failure to Appear for a Misdemeanor Offense in violation of Va. Code Ann. § 19.2-128. On July 10, 2018, he was found guilty by the Fairfax County General District Court and sentenced to ten days' incarceration.
>
> . . .
>
> On April 15, 2025, Petitioner was charged with Stalking: Fear of Death or Assault in violation of Va. Code Ann. § 18.2-60.3. On July 22, 2025, the charges were nolle prosequi in the Loudoun County General District Court.

Id. ¶¶ 11-15, 18 (ECF No. 7-1, at 3-4).

2

During his time in the United States, Mundo has remained engaged in his immigration proceedings. On August 20, 2014, Mundo filed a Form I-589, Application for Asylum and Withholding of Removal with the Immigration Court. Id. ¶ 10 (ECF No. 7-1, at 3). He filed the form again with USCIS on June 6, 2018. Id. ¶ 16 (ECF No. 7-1, at 4). Mundo appeared virtually with counsel on August 16, 2023, but the Immigration Judge administratively closed Mundo's removal proceedings to await the USCIS adjudication. Id. ¶ 17.

Over two years later, on November 26, 2025, ICE agents encountered Mundo and took him into civil immigration custody again. Id. ¶ 19. On December 11, 2025, DHS's motion to re-calendar Mundo's removal proceedings and motion change venue to the Annandale, Virginia Immigration Court were granted. Id. ¶ 20.

On January 23, 2026, Mundo attended an Asylum Interview with USCIS, and on February 19, 2026, USCIS determined Mundo was ineligible for asylum and referred his application to the Immigration Judge. Id. ¶¶ 21-22. On March 25, 2026, Mundo appeared virtually with counsel at the Annandale Immigration Court for an individual hearing on the merits of his I-589 Application. Id. ¶ 23. The Immigration Judge denied Mundo's application and ordered him removed to El Salvador. Id. ¶ 23 (ECF No. 7-1, at 5). Mundo filed an appeal with the Board of Immigration Appeals ("BIA") on April 24, 2026, which remains pending. Id. ¶ 24. Mundo has been detained since November 27, 2025, and is currently housed at ICA-Farmville Detention Center in Farmville, Virginia. Pet. (ECF No. 1, at 1, 5). He has lived in the United States with his family for 16 years and has two children that are US citizens. Id. at 7

Mundo's Petition, filed April 22, 2026, alleges he has been unlawfully detained and seeks immediate release or a bond hearing. Id. at 6-8. Respondents filed a Motion to Dismiss, (ECF No. 9), arguing—as they have in many cases before this court and others—that Petitioner is an

3

"applicant for admission" and thus should be subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Resp'ts' Resp. to Pet. & Mem. L. Supp. Mot. to Dismiss ("Resp'ts' Mem.") (ECF No. 7, at 8-22). The court provided Petitioner with the required notice to pro se plaintiffs under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), (ECF No. 12). Petitioner filed a response, reiterating the arguments of his Petition, and noting that his criminal history is largely from more than 8 years ago and are not for any crimes that required his mandatory detention. Pet'r Resp. (ECF No. 13, at 1-2).

### III.   **DISCUSSION**

**A.    Mundo's detention is governed by the discretionary detention provisions in 8 U.S.C. § 1226(a) and he is thus entitled to a bond hearing.**

Under 28 U.S.C. § 2241, federal courts may issue a writ of habeas corpus one the ground that petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Torrence v. Lewis, 60 F. 4th 209, 213 (4th Cir. 2023). "Historically, 'the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" Hasan v. Crawford, 800 F. Supp. 3d 641, 650 (E.D. Va. 2025) (quoting I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001)). In the immigration context, habeas is now "regularly invoked on behalf of noncitizens." Id. As a threshold matter, this court has jurisdiction to consider Mundo's habeas petition challenging his detention because neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of his detention. See id. at 650-51; Quispe v. Crawford, No. 1:25-cv-1472, 2025 WL 2783799, at *2-3 (E.D. Va. Sept. 29, 2025). After considering any response to a habeas petition, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. §2243.

The central issue of Mundo's Petition is whether, as a noncitizen who has already entered the United States, he is entitled to a bond hearing under 8 U.S.C. § 1226(a) or he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

The INA establishes the statutory framework governing the detention of noncitizens in removal proceedings. Relevant here are two sections of that framework distinguishing between noncitizens detained upon arrival into the United States and those already present in the country.[1] First, pursuant to 8 U.S.C. § 1225, a noncitizen "applicant for admission"—defined as "[a]n alien present in the United States who has not been admitted or who arrives in the United States"—that is "seeking admission [and] is not clearly and beyond a doubt entitled to be admitted," is subject to mandatory detention. 8 U.S.C. § 1225(a)(1), (b)(1)-(2). On the other hand, under 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision of whether the alien is to be removed from the United States." Id. § 1226(a). This latter form of discretionary detention is the "default rule" for the detention of noncitizens "already present in the United States." Quispe-Ardiles v. Noem, No. 1:25-cv-01382, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting Jennings v. Rodriguez, 583 U.S. 281, 303 (2018)). A noncitizen detained under 8 U.S.C. § 1226(a) is "entitled to a bond hearing before an [Immigration Judge] at any time before entry of a final order." Hasan v. Crawford, 800 F. Supp. 3d 641, 652 (E.D. Va. 2025) (quoting Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025)).

---

[1] A third form of detention of noncitizens involves those who are subject to a final order of removal. 8 U.S.C. § 1231. These noncitizens are not entitled to a bond hearing but may be entitled to seek release from prolonged detention awaiting removal. See Zadvydas v. Davis, 533 U.S. 678, 682, 701 (2001). This form of detention does not apply to the matter currently before the court.

In 2025, the government, through a Board of Immigration Appeals ("BIA") decision, Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), reinterpreted and upended this longstanding statutory framework. As such, the government has been classifying all noncitizens who "entered the United States without inspection as noncitizens 'seeking admission,' no matter how much time has passed between their entrance into the United States and their apprehension by law enforcement," and subjecting them to mandatory detention under 8 U.S.C. § 1225(b) "rather than the discretionary provisions of 8 U.S.C § 1226(a)." Ortega Miranda v. Bondi, et al., No. 3:25-cv-769, 2026 WL 287179, at *4 (E.D. Va. Feb. 3, 2026).

Respondents' argument—that noncitizens like Petitioner who have lived in the United States for many years are applicants for admission subject to mandatory detention without a bond hearing under 8 U.S.C § 1225(b)(2)(A)—has been considered at length and rejected by numerous courts in this district and other courts across the country. See, e.g., Ceba Cinta v. Noem, No. 1:25-cv-1818, 2025 WL 4053171, at *2 (E.D. Va. Oct. 29, 2025); Duarte Escobar v. Perry, No. 3:25-cv-758, 2025 WL 3006742, at *13 (E.D. Va. Oct. 27, 2025); Quispe v. Crawford, No. 1:25-cv-1471, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) (citing cases).[2] In this recommended decision, I join the growing number of district courts rejecting Respondents' arguments and expansive application of 8 U.S.C. § 1225(b).

Here, 8 U.S.C. § 1226(a) governs Petitioner's detention and requires a bond hearing. Petitioner has been residing in the United States for 16 years and thus is a noncitizen "already in the country" awaiting his pending BIA appeal "decision on whether [he] is to be removed from the United States" under 8 U.S.C. § 1226(a). Petitioner remained engaged in his immigration

---

[2] Some federal judges have accepted the Respondents' arguments. See, e.g., Buenrostro-Mendez v. Bondi, 166 F. 4th 494, 508 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128, 1138 (8th Cir. 2026). These decisions are not binding, and the court is not persuaded by their reasoning for the reasons explained in Barbosa da Cunha v. Freden, 175 F.4th 61, 71-96 (2d Cir. 2026).

proceeding process but did not have an encounter with ICE agents for about 16 years regarding enforcement of his removal until he was encountered again in 2025. Given this, the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) does not apply to Petitioner. Additionally, Petitioner's continued detention absent a bond hearing would also violate his due process rights. See Ortega Miranda, 2026 WL 287179, at *11. Accordingly, I recommend the court find that Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework and order Respondents to provide Mundo a bond hearing with an immigration judge.

## III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS the court GRANT IN PART the Petition, (ECF No. 1), and DENY Respondents' Motion to Dismiss, (ECF No. 9). The undersigned further RECOMMENDS that:

(1) Petitioner be provided a constitutionally compliant,[3] standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a); and

(2) Respondents file a status report within three (3) days of the bond hearing, stating whether Petitioner has been granted bond, and if his request for bond was denied, the case-specific reasons for denial given by the Immigration Judge.

## IV.    REVIEW PROCEDURES

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report

---

[3] Petitioner should be given sufficient notice of the date of bond hearing, an opportunity to be heard in a meaningful manner at the hearing, and a ruling premised on his case-specific circumstances. See Order, Mendez Trigueros v. Guadian, No. 1:26-cv-205, (E.D. Va. Feb. 18, 2026) (ECF No. 13) (ordering that the petitioner be released unless he received a second, "constitutionally compliant" bond hearing).

7

is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.    A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

July 1, 2026

Newport News, Virginia

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

**Kelvin Edenilson Lopez Mundo**
087900385
ICA-Farmville Detention Center
P.O. Box N
Farmville, VA 23901

and an electronic copy was provided to:

**Tanzania Jaysura**
United States Attorney's Office (Alexandria)
2100 Jamieson Avenue
Alexandria, VA 22314

Laura G. Griffin, Clerk

/s/ J.L. Meyers
By _____
Deputy Clerk

July 1
_____, 2026

9